TUTTLE *et al.* *v.* GARVER.

(*Circuit Court, N. D. New York.*    January 11, 1888.)

PATENTS FOR INVENTIONS—PRIOR USE—HARROWS.
   Upon the consideration of the evidence in this case, upon the question of alleged prior use, *held*, that the Willett harrow did not anticipate the Garver harrow, so as to invalidate the patent.

In Equity.    Bill for injunction.
Action for infringement of letters patent by Richard D. Tuttle and others complainants, against Sylvester Garver, defendant.
*Charles H. Duell*, for complainants.
*Daniel L. Benton*, for defendant.

COXE, J.    The only questions now argued are those relating to the alleged prior use by Elijah P. Willett at Collins, Erie county, New York. The principal controversy having been so· frequently the subject of judicial decision is, quite properly, regarded by both parties as no longer open to discussion in the circuit court.    *Reed* v. *Chase*, 25 Fed. Rep. 94, and 29 Fed. Rep. 915.    The evidence bearing upon the present issue was presented to the court upon a reargument of the principal cause, before Judges JACKSON and SEVERENS in the Western district of Michigan, (32 Fed. Rep. 228,) and was fully considered by them.    It is unnecessary to enter upon an extended discussion of this testimony, as I concur in what was said regarding it in the opinion then delivered.    The Willett harrow, if it existed, was not the Garver harrow.

It follows that there must be a decree for the complainants.

---

TUTTLE *et al. v.* BAKER.    SAME *v.* EASTERLY.    SAME *v.* LINGERFELTER.    SAME *v.*
   MARTIN.    SAME *v.* PHILLIPS.    SAME *v.* STADY.    SAME *v.* STARKS.    SAME *v.*
   WRIGHT.

(*Circuit Court, N. D. New York.*    January 11, 1888.)

*Charles H. Duell*, for complainants.
*Daniel L. Benton*, for defendant.

COXE, J.    Counsel having stipulated that these causes should abide the event of the action against Sylvester Garver, and the court having directed a decree for the complainants in that cause, it follows that a similar decree should be entered in each of the above-entitled actions.